**Affirmed and Memorandum Opinion filed October 16, 2012.**



In The

# Fourteenth Court of Appeals

NO. 14-11-01008-CR
NO. 14-11-01010-CR

**HARLON RAY BUCKNER, II, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause Nos. 755721 & 755722

## M E M O R A N D U M   O P I N I O N

Appellant Harlon Ray Buckner, II appeals the trial court's order denying DNA testing. He contends there is insufficient evidence to "sustain the denial of [his] motion for post-conviction DNA testing under Tex. Code Crim. Proc. [article] 64.03 because there is no evidence in the record supporting the Trial Court's conclusion that there is not a reasonable probability that[,] had the results been available at the time of trial, [appellant] would not have been convicted." We affirm.

**Background**

Appellant was indicted for aggravated kidnapping and sexual assault. In 1997, a jury found appellant guilty of aggravated kidnapping in cause number 755721 and the trial court assessed appellant's punishment at 20 years' confinement. A jury also found appellant guilty of sexual assault in cause number 755722, and the trial court assessed appellant's punishment at 20 years' confinement. Appellant appealed his convictions, and this court affirmed. *See Buckner v. State*, Nos. 14-97-01399, 14-97-01400-CR, 1999 WL 649098 (Tex. App.—Houston [14th Dist.] Aug. 26, 1999, no pet.) (not designated for publication).

Appellant filed at least one motion for post-conviction DNA testing; this motion is not contained in the record before us and the exact date of filing is unknown to this court. The record contains a motion filed by the State on January 23, 2008, in which the State asked the trial court to make findings pursuant to Article 64.03 of the Texas Code of Criminal Procedure in response to appellant's motion for post-conviction DNA testing. In its January 2008 motion, the State acknowledged that the Harris County District Clerk's Office is in possession of the following evidence:

> key map of streets; 911 transcript; video tape; receipt; photos; diagram of street; magazine; brown ball cap; and cassette tape. . . . samples from a rape kit; box containing boots, socks, a shirt, shorts, and a belt; miscellaneous paper; a wooden club; a bag of clothes; a rape kit; blood, hair, and saliva from the applicant; pulled hair from the applicant; and hair samples from the complainant. . . . microscope slides containing hairs.

In response to the State's January 2008 motion, the trial court signed an order on January 24, 2008, in which it directed that: (1) "an appropriately qualified professional take a sample of the applicant's blood and/or saliva;" (2) the sample be packaged and transported to the Texas Department of Public Safety (DPS) Crime Lab for testing; (3) "a representative of the Harris County District Attorney's Office obtain from the Houston Police Department biological evidence in the above styled and numbered causes, specifically the following evidence:" (a) "samples from sexual assault," (b) "small box

2

containing assorted clothing," (c) "bag of clothes," and (d) "rape kit;" (4) the "Harris County District Attorney's Office transport such evidence" to the DPS Crime Lab for testing and comparison; (5) the DPS Crime Lab "conduct DNA forensic testing comparing the remaining evidence, *excluding hair*, in the primary case with the applicant's blood and/or saliva sample taken;" and (6) the DPS Crime Lab "send a written report of the results of the ordered DNA testing to the Court," the Harris County District Attorney's office, and to Crespin Michael Linton, who presumably was appellant's appointed counsel. (emphasis in original)

The trial court signed a second order on December 19, 2008, in which the trial court stated:

> Having considered the Applicant's motion requesting DNA testing of evidence, having examined the results of DNA testing performed by the Texas Department of Public Safety, and having heard the State's motion for finding and order in the above-styled cases, the Court makes the following finding of fact:

> FINDING OF FACT

> The Court finds, pursuant to TEX. CODE CRIM. PROC. ANN. art. 64.04, that the results of the DNA testing performed in this case pursuant to TEX. CODE CRIM. PROC. ANN. art. 64.03 are not favorable to the Applicant, Harlan Ray Buckner, and that it is not reasonably probable that, had the DNA testing results been available before or during the trial of the offense, the Applicant, Harlon Ray Buckner, would not have been prosecuted or convicted.

> ORDER

> THE CLERK IS ORDERED to send a copy of the State's Motion for Finding Under TEX. CODE CRIM. PROC. ANN. art. 64.04 and Order Under art. 64.03(e), along with the Court's finding of fact that the results of DNA testing are not favorable to the Applicant, to the Texas Department of Public Safety. . . .

> THE CLERK IS FURTHER ORDERED to send a copy of this Finding and Order to the Applicant's counsel: Crespin M. Linton, 440 Louisiana, Suite 900, Houston, Texas, 77002; and to the State: Inger M. Hampton, 1201 Franklin, Suite 600, Houston, Texas

> 77002.

BY THE FOLLOWING SIGNATURE, THE COURT ADOPTS THE STATE'S PROPOSED FINDING IN CAUSE NUMBERS 755721 and 755722.

Appellant did not appeal the trial court's December 19, 2008 order.

Appellant asserts in his brief that he filed another motion for DNA testing on November 16, 2009. The trial court appointed counsel, Tom Martin, to represent appellant on November 16, 2009 "for the purpose of post-conviction DNA testing." The record does not contain a motion for post-conviction DNA testing filed by appellant's appointed counsel or anyone else on or after November 16, 2009.

The trial court signed a third order on September 27, 2011, in which it stated:

> Having reviewed the documents filed in cause numbers 755721 & 755722; the trial court's original findings granting DNA testing under Chapter 64 dated January 24, 2008; the trial court's original findings under Chapter 64 that the testing results were not favorable to the defendant dated December 18, 2008; and the Department of Public Safety's (DPS) laboratory report dated October 20, 2008; the Court adopts its previous findings of fact and conclusions of law entered in cause numbers 755721 & 755722 on December 18, 2008.

> The Court finds, pursuant to TEX. CODE CRIM. PROC. ANN. art. 64.04, that the results of the DNA testing performed in this case pursuant to TEX. CODE CRIM. PROC. ANN. art. 64.03 are not favorable to the defendant, Harlon Ray Buckner, and that it is not reasonably probable that, had the DNA testing results been available before or during the trial of the offense, the defendant, Harlon Ray Buckner, would not have been convicted.

> ORDER

> THE CLERK IS ORDERED [to] send a copy of this Court's findings of fact denying DNA testing in cause numbers 755721 & 755722 and the instant order to the Defendant's appointed counsel, Tom Martin, 1018 Preston, Ste. 500, Houston, 77002, and to the attorney representing the State of Texas, Alicia Devoy O'Neill, 1201 Franklin, Suite 600, Houston, Texas 77002.

> BY THE FOLLOWING SIGNATURE, THE COURT ADOPTS THE STATE'S PROPOSED FINDINGS OF FACT, CONCLUSION OF LAW AND ORDER DENYING DNA TESTING IN CAUSE NUMBERS 755721 & 755722.

Appellant filed a notice of appeal on October 26, 2011, seeking to challenge the

4

September 27, 2011 order.

In his appellate brief, appellant challenged the trial court's "denial of [his] motion for post-conviction DNA testing" because the "record is insufficient to determine if the conclusion of the Trial Court, that the results of previous DNA testing were unfavorable to [appellant], was justifiable."

This court abated the appeal and directed the trial court to "conduct a hearing and make a written determination as to whether (1) a transcribed hearing on appellant's post-conviction DNA motion resulting in the December 19, 2008 order was held; (2) the DPS laboratory report of October 20, 2008 is in existence; and (3) appellant's latest motion for post-conviction DNA testing is in existence."

The trial court held a hearing on July 26, 2012, at which the State, appellate counsel Daucie Schindler, and appellant's appointed trial counsel Tom Martin were present. The State, Schindler, and Martin agreed that there was no transcribed hearing on appellant's post-conviction DNA motion resulting in the December 19, 2008 order. The trial court concluded based on the evidence and testimony that "there was no court reporter there" and there was no hearing transcribed.

Regarding whether "appellant's latest motion for post-conviction DNA testing is in existence," Martin testified that he did not file a post-conviction DNA motion for appellant. Martin testified that "it is not my standard practice when there's going to be an agreed order entered into between myself and the State for — if there's going to be no testing, and in fact an agreed order saying that the motion is denied. I do not prepare a DNA motion requesting testing." After acknowledging that he agreed with the State's proposed order denying appellant DNA testing, Martin again confirmed that he never filed a motion for DNA testing and that no one had found a pro se motion by appellant "if such exists." Based on the "record in the Court's files, [and] testimony adduced at this hearing," the trial court concluded that "there never was a latest motion for post-conviction DNA testing in existence."

5

With regard to whether the "DPS laboratory report of October 20, 2008 is in existence," the State testified that the report is in existence. The State offered the report as State's Exhibit One into evidence. Martin testified that (1) the report is in existence; (2) he reviewed the report; (3) the report states that appellant "cannot be excluded as a contributor in certain testing samples;" (4) appellant provided him with a copy of the report which also listed the name of appellant's previous counsel, Crespin Linton; (5) the report appellant provided to him is the same report as State's Exhibit One; and (6) State's Exhibit One is "the exhibit that I received prior to entering the agreed order in this case."

The trial court asked: "So everybody's in agreement that that's the DPS lab report relied upon and reviewed again by you, Mr. Martin, in — in discussion resulting in the State's proposed findings of fact conclusions of law and order of September 27th, 2011?" Martin stated: "That's correct, Judge." Schindler agreed that State's Exhibit One is the "lab report that's referred to in both the December [and] the September 27th, 2011 order."

Based on the testimony and evidence, the trial court concluded that the October 20, 2008 report "is in existence. Both sides have referred to it in the State's exhibits today, which is part of this record and has been reviewed by State's counsel, Mr. Martin, and recollection is that it was tendered to the original counsel Mr. Crespin Linton at the December 19th, 2008 hearing."

The supplemental clerk's record filed in this court contains the DPS laboratory report dated October 20, 2008. The supplemental clerk's record also contains Martin's affidavit in which he states as follows:

> I have been asked by the Honorable Judge David Mendoza to prepare this affidavit in support of the evidentiary hearing held on July 26, 2012 in this matter.
>
>       *                      *                      *
>
> I personally participated in the hearing on September 27, 2011, of which this Court is already aware. There was not a transcript made of this hearing.

*              *              *

The DPS laboratory report of October 20, 2008, is in existence. All parties to the September 27, 2011 hearing had access to, and knowledge of this specific laboratory report.

*              *              *

There was no latest motion for post-conviction DNA filed by me on behalf of [appellant]. The reason for not filing such a motion was that it became apparent to me that there was no good faith basis for presenting such a motion under the requirements set forth by Chapter 64 of the Texas Code of Criminal Procedure. It is my standard practice to file a motion requesting DNA testing when there are properly preserved materials which have not yet been subjected to current DNA testing methodologies, or when the DNA testing protocol itself has advanced over the years from the date of the initial test. It is also my standard practice not to file a motion requesting DNA testing when it is apparent after my review of the State's case file that there already exists a recent independent DNA test which is inculpatory to the client, or when no properly preserved DNA material has been retained by the lab.

*              *              *

My conclusions in [appellant]'s case, as it related to DNA issues, and my decision to agree to the State's proposed Findings of Fact and Conclusions of Law at the September 27, 2011, hearing were based upon the following: (1) the October 20, 2008 Crime Lab DNA testing report, a copy of which [appellant] had himself provided to me after I was appointed by the Court. This report clearly states that [appellant] can't be excluded as a contributor; (2) verifying that the copy of the October 20, 2008 DNA report provided to me by my client was the same copy being utilized by the State, and confirming that there was not a more recent independent lab test conducted; (3) reviewing the lab technician worker affidavits to ensure that the lab did not hold additional material which had not been previously tested, all of which were attached to the State's January 23, 2008 motion requesting findings; (4) conducting internet research to determine and confirm that the Polymerase Chain Reaction ("PCR") protocol was still generally accepted by the relevant scientific community as a DNA testing method in 2011; and, (5) confirming through internet review of literature that the PCR protocol existing 2008 had not undergone any generally accepted change from 2008 to 2011 by the relevant scientific community which would result in a new testing protocol.

This court reinstated appellant's appeal on August 9, 2012, and provided the State and appellant an opportunity to file additional briefing in light of the trial court's findings.

7

Neither party has filed additional briefing. Therefore, we will address appellant's arguments as originally presented in his appellate brief.

## Analysis

In his appellate brief, appellant challenged the trial court's "denial of [his] motion for post-conviction DNA testing" because the "record is insufficient to determine if the conclusion of the Trial Court, that the results of previous DNA testing were unfavorable to [appellant], was justifiable." According to appellant, there is "no evidence to support this conclusion." Appellant argued that there is "no indication as to what the test results demonstrated. Without any evidence of the results of the alleged DNA testing, this Court has no way to evaluate the findings of the Trial Court below and certainly no basis to conduct de novo review."

The record before us establishes that appellant's trial counsel Martin never filed a motion for post-conviction DNA testing. According to Martin, the "reason for not filing such a motion was that it became apparent to [him] that there was no good faith basis for presenting such a motion under the requirements set forth by Chapter 64 of the Texas Code of Criminal Procedure. . . . It is also [his] standard practice not to file a motion for DNA testing when it is apparent after [his] review of the State's file that there already exists a recent independent DNA test which is inculpatory to the client."[1]

Appellant's trial counsel participated in a hearing on September 27, 2011, agreed with the State's Proposed Findings of Fact, Conclusions of Law, and Order, and the trial court "ADOPT[ED] THE STATE'S PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER DENYING DNA TESTING." Appellant's trial counsel specifically stated that all parties to the September 27, 2011 hearing had access to and knowledge of the October 20, 2008 lab report. He also stated that his decision to agree with the order denying DNA testing was based on the fact that (1) the October 2008 lab report "clearly states that [appellant] can't be excluded as a

---

[1] Additionally, no pro se motion exists in any court files.

8

contributor;" (2) he verified that the October 2008 lab report that was given to him by appellant was the "same copy utilized by the State;" (3) he confirmed that there was not a more recent independent lab test conducted; (4) he ensured that the lab did not hold any additional material that had not been previously tested; and (5) he confirmed that the testing methods in 2008 were still generally accepted by the scientific community in 2011 and new testing was not warranted.

Further, the record contains the October 2008 lab report. As appellant's trial counsel acknowledged, the report states that appellant cannot be excluded as a contributor of certain DNA profiles. Appellant has not argued that the October 2008 lab report does not support the "conclusion of the Trial Court, that the results of previous DNA testing were unfavorable to [appellant], was justifiable." Based on the record before us, appellant's argument on appeal is without merit. Accordingly, we overrule appellant's issue on appeal.

## Conclusion

We affirm the trial court's September 27, 2011 order.


/s/      William J. Boyce
Justice


Panel consists of Justices Boyce, Christopher and Jamison.

Do Not Publish — TEX. R. APP. P. 47.2(b).